UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAIME TEO-TENAS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PATRICIA HYDE, et al., )<br>)<br>Respondents. )<br>) | Civil Action No.<br>26-10334-FDS |

### MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

SAYLOR, J.

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings. Petitioner Jaime Estuardo Teo-Tenas is a Guatemalan national who entered the United States in 2005.

On January 21, 2026, petitioner was arrested and taken into ICE custody, apparently pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b). He contends that his continued detention without an individualized bond hearing violates his procedural due-process right and is not authorized by statute.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be granted a bond hearing before an immigration judge.

I.      **Background**

Jaime Estuardo Teo-Tenas, a Guatemalan national, entered the United States in 2005, and has resided in the United States since that time.  (Pet. ¶ 1).

ICE took Teo-Tenas into custody on January 21, 2026.  (*Id.* ¶ 2).  He filed a petition for a writ of habeas corpus on January 24, 2026.  (*Id.*).  At the time he filed the petition, he was detained at the ICE Field Office in Burlington, Massachusetts.  (*Id.*).

The respondents are Patricia Hyde, Field Office Director, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; and Kristi Noem, U.S. Secretary of Homeland Security.  (*Id.* ¶¶ 7-9).

On January 25, 2026, Teo-Tenas moved for a temporary restraining order, asserting that, after he had filed his petition on January 24, ICE transferred him out of the District of Massachusetts to the Alexandria Staging Facility in Louisiana.  (TRO Mot. ¶ 9, Dkt. No. 2). Also on January 25, 2026, Judge Joun ordered that "[r]espondents shall immediately return Mr. Teo-Tenas to the District of Massachusetts," and that they "shall not remove [Teo-Tenas] from the jurisdiction of the United States or transfer [him] to a judicial district outside that of Massachusetts for a period of at least 72 hours from the time this Order is docketed."  (Dkt. No. 3).

On January 26, 2026, Teo-Tenas filed an "Emergency Motion to Enforce the Court's 1/25/2026 Order," contending that, despite the Court's earlier order that he be returned to the District of Massachusetts, he was scheduled to be removed from the United States at approximately 3:00 a.m. in the morning of January 27.  (Emergency Mot. 1-2, Dkt. No. 7).  Also on January 26, 2026, Judge Joun ordered that "[r]espondents are ENJOINED from removing [Teo-Tenas] from the United States and are ORDERED to immediately comply with the previous order entered on 1/25/26. Further, [r]espondents shall file forthwith a sworn declaration

from a responsible ICE official identifying (a) [Teo-Tenas's] current physical location, (b) his immediate custodian, (c) his A-Number and any changes thereto, (d) whether removal has been scheduled, initiated, or is imminent, and (e) the concrete steps taken to comply with the Courts 1/25/26 Order." (Dkt. No. 8).

On January 27, 2026, respondents responded to the court's order. (Resp. 3-4, Dkt No. 10). They represented that they intended to return Teo-Tenas to the District of Massachusetts immediately, but that travel disruptions related to a winter storm had caused delays. (*Id.* at 3-4). After several additional delays, Teo-Tenas was finally returned to this District on February 4, 2026. (Status Report, Dkt. No. 14).

On February 11, 2026, respondents answered the petition. (Resp'ts' Resp., Dkt. No. 16). Respondents conceded that "the legal issues presented in this Petition are similar to those recently addressed by this Court in *De Andrade v. Moniz*," and that "[s]hould the Court follow its reasoning in *De Andrade* . . . , it would reach the same result here." (*Id.* at 1).

## II. Analysis

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *see Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases), non-citizens who initially entered the United States without inspection but have resided in the country for a substantial period of time are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b). Because petitioner has already entered and resides in the United States, he is not an "applicant seeking admission" under § 1225, and his detention under that provision is therefore "in violation of the . . . laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner is a member of the class certified in *Guerrero Orellana v. Moniz*, because he is detained in Massachusetts; was not placed in expedited removal proceedings; was neither admitted nor paroled into the United States; is not subject to mandatory detention under § 1226(c); is not subject to post-final order detention under § 1231; and his most recent arrest did not occur at the border when he was arriving in the United States. *See Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025). It is unclear what precise effect the declaratory judgment in that case has on this action; respondent Moniz was also a respondent in *Guerrero Orellana*, so the judgment in that case very likely has collateral-estoppel effect here. But the Court need not resolve that question for these purposes because it independently determines that petitioner's detention violates the INA.

Because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*.

### III.    Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents are hereby ORDERED to either release petitioner

or provide him a constitutionally-adequate bond hearing pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) no later than February 25, 2026.

**So Ordered.**

Dated:  February 18, 2026

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge